[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Defendant has moved this Court to suppress the physical evidence in this case on the grounds that the stop was illegal, as it was not based on the required specific and articulable facts that pertain to the defendant; and that the pat-down search of defendant was illegal, as it was not based on the required reasonable belief that defendant was armed or dangerous. The Court disagrees with the defendant and hereby denies the Motion to Suppress for the following reasons:
On October 15, 2000 at approximately midnight, Officer Wesoloski of the Manchester Police Department observed a vehicle sitting at the pay phones at the Subway sandwich shop. After starring at the officer for awhile, the operator left the area. At about 1:30 a.m. the same car was observed parked at the same pay phone. At this time the Subway was closed. This activity aroused the suspicion of the officer and he followed the car as it left the lot. The operator drove around in an evasive "figure 8" pattern, stopping for longer than necessary periods of time at stop signs and lights while looking at the officer out of his rear view mirror. Officer Wesoloski called in the license plate on the vehicle which came back as registered to a man who had been arrested for possession and sale of drugs. The operator drove back to the Subway parking lot. There, the officer observed two young males go up to the car on the driver's side, and after talking to the driver for a brief time, walk around the back of the Subway building out of sight.
Based on the time of night, the information the officer had received on the owner of the car, the suspicious activities of the driver, his observation of two teenaged boys walking up to the car and then found sitting at a picnic table at approximately 1:45 in the morning, and his basic training as a police officer, Officer Wesoloski suspected that there had just been a drug transaction. Officer Wesoloski approached the scene, questioned the parties and called for backup.
Officer Minor arrived on the scene with his police dog, "Veko" which is trained to identify drugs. They searched the car and "Veko" did detect the presence of marijuana. Officer Minor did a pat-down search of the defendant and found him to be in possession a pipe and scales, items CT Page 13386 commonly known to be paraphernalia for the use of marijuana, and a plastic baggie containing a green leafy substance which later tested positive as marijuana.
The defendant first argues that the stop was illegal, as it was not based on the required specific and articulable facts that pertain to the defendant. State v. Tine, 236 Conn. 216, 224, provides that
 Any inquiry into the permissible justification for, and boundaries of a particular investigatory detention and patdown search is necessarily fact bound. Terry v. Ohio, supra, 392 U.S. 29; State v. Edwards, supra, 214 Conn. 71-72; State v. Aillon, 202 Conn. 385, 401, 521 A.2d 555 (1987). "Reasonable and articulable suspicion is an objective standard that focuses not on the actual state of mind of the police officer, but on whether a reasonable person, having the information available to and known by the police, would have had that level of suspicion . . . The police officer's decision . . . must be based on more than a hunch or speculation . . . In justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." (Citations omitted; internal quotation marks omitted.) State v. Gant, 231 Conn. 43, 65, 646 A.2d 835 (1994), cert. denied, U.S. 115 S.Ct. 1404, 131 L.Ed.2d 291 (1995).
Under the facts of this case, it was more than reasonable for the police officer to suspect that a drug transaction had occurred. The time of night, the suspicious maneuvers of the driver of the car, the setting in which the activity occurred, the age of the defendant and his friend, the information received by the officer that the owner of the car had been arrested in the past for sale of drugs, and general training and knowledge that any police officer would have in 2001 regarding drug usage and trafficking would all lead a reasonable person to suspect that a drug sale might have occurred.
The defendant also argues that the pat-down was illegal, as it was not based on the required reasonable belief that defendant was armed or dangerous. As stated by the State, it is axiomatic that there is a general awareness in the law enforcement community that narcotics traffickers are often armed. There is a recognized correlation between drug dealing and firearms. See State v. Cooper, 227 Conn. 417, 426 n. 5,630 A.2d 1043 (1993). Any police officer who makes a stop on suspicion CT Page 13387 that drug trafficking is involved would be foolish not to conduct a search of the parties involved for possible possession of weapons in today's society with the proliferation of guns that exists. Such a search should almost be automatic to assure the safety of the officer.
As a matter of federal constitutional law, Minnesota v. Dickerson.508 U.S. 366, 373, establishes the principle that:
 the fourth amendment to the United States constitution permits a police officer, even though acting without a warrant, to seize nonthreatening contraband that the officer has detected through the sense of touch during a lawful patdown search. . . . Just as a trained and experienced police officer may use the sense of touch during a lawful patdown search to detect one of a myriad of weapons that an individual might conceal on his or her person; see Terry v. Ohio . . . so the officer may use that same sense of touch to discern the presence of nonthreatening contraband that possesses distinctive tactile characteristics.
State v. Trine, 236 Conn. 216, 228, 233 (1996).
Officer Minor readily recognized the items found on the defendant as items commonly used by marijuana users and dealers.
Therefore, for the reasons set forth herein, the defendant's Motion to Suppress is hereby DENIED.
P. Harleston, J.